STATE of Tennessee, Appellee,

v.

**Ronnie J. PHILLIPS, Appellant.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

Jan. 21, 1997.

A. Benjamin Strand, Jr., Strand and Goddard, Dandridge, for Appellant.

Charles W. Burson, Attorney General and Reporter, Michael J. Fahey, II, Assistant Attorney General, Criminal Justice Division, Nashville, Kenneth W. Rucker, Legal Assistant, Alfred C. Schmutzer, Jr., District Attorney General, Charles E. Atchley, Jr., Asst. Dist. Attorney General, Sevierville, for Appellee.

## OPINION

SUMMERS, Judge.

A jury convicted the appellant, Ronnie J. Phillips, of "DUI by consent." He was sentenced to 11 months and 29 days with all but 10 days suspended. Substantively, he raises two issues:

1. Whether a defendant who knowingly permits another to operate his or her motor vehicle upon a public way while intoxicated can be convicted of driving under the influence; and

2. Whether the evidence was sufficient to support his conviction.

Upon review, we affirm the trial court.

## FACTS

The appellant testified. He stated that on the night of his arrest he had consumed approximately six beers in addition to some whiskey. He stated that his nephew stopped by his house. Shortly thereafter, the appellant and his nephew departed in the appellant's automobile. His nephew drove and ultimately caused an accident. The nephew failed three field sobriety tests and registered a .20 BAC approximately one hour after the accident.

## PREEMPTION

■ The appellant argues that he cannot be convicted of driving under the influence. He maintains that he can only be convicted of Tenn.Code Ann. § 55–10–202 (1993 Repl.),[1] a Class C misdemeanor. He avers that the specific nature of Tenn.Code Ann. § 55–10–

---

1. Tenn.Code Ann. § 55–10–202. Offenses by persons owning or controlling vehicles.—(a) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to the law.

202 precludes, displaces, or preempts prosecution under a general statute addressing his criminal behavior.

One operating a motor vehicle upon a public way while under the influence of an intoxicant is guilty of driving under the influence. Tenn.Code Ann. § 55–10–401 (1993 Repl.). One who is a party to or aids or abets in the commission of DUI is guilty of DUI. Tenn. Code Ann. § 55–10–201 (1993 Repl.).

The appellant's conduct falls within the purview of both § 55–10–202 and §§ 55–10–201 & 401. When a defendant's conduct is "defined under both a specific and a general statute, the [defendant] may be prosecuted under either statute unless the specific statute precludes prosecution under the general statute." Tenn.Code Ann. § 39–11–109 (1993 Repl.). Conduct defined under two specific statutes may be punishable under either statute provided neither statute precludes prosecution under another statute. *Id.*

Neither § 55–10–202 nor § 55–10–201 precludes prosecution under another statute. Accordingly, the appellant may be convicted for driving under the influence for aiding and abetting in his nephew's commission of driving under such influence. This issue is without merit.

### SUFFICIENCY

The appellant next argues that the evidence was insufficient to support his conviction. He avers that to sustain his conviction, the record must support a finding the he knowingly permitted another to operate his vehicle while under the influence. He posits that he was "too intoxicated himself to know that [his nephew] was intoxicated when he granted him permission to drive."

■ Great weight is accorded jury verdicts in criminal trials. Jury verdicts accredit state's witnesses and resolve all evidentiary conflicts in the state's favor. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983); *State v. Banes,* 874 S.W.2d 73, 78 (Tenn. Crim.App.1993). On appeal, the state is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832 (Tenn.1978). Moreover, guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of guilt. *State v. Grace,* 493 S.W.2d 474 (Tenn.1973). Appellants, therefore, carry the burden of overcoming a presumption of guilt when appealing jury convictions. *Id.*

■ When appellants challenge the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Duncan,* 698 S.W.2d 63 (Tenn.1985); Tenn.R.App.P. 13(e). The weight and credibility of a witness' testimony are matters entrusted exclusively to the jury as the triers of fact. *State v. Sheffield,* 676 S.W.2d 542 (Tenn.1984); *Byrge v. State,* 575 S.W.2d 292 (Tenn.Crim.App.1978).

■ The arresting officer testified that following the accident, the appellant's nephew was unsteady on his feet. He stated that the nephew appeared to be leaning against the truck to steady himself. The nephew had slurred speech, failed three sobriety tests, and registered a .20 BAC approximately one hour after the accident.

From the officer's testimony concerning the nephew's condition, the jury could have inferred that the appellant knew or should have known that his nephew was under the influence of an intoxicant when he gave his nephew the keys to his automobile. Our Supreme Court has held that public policy cannot permit motor vehicle owners to escape criminal responsibility merely by becoming so intoxicated that they are unaware of their surroundings or fall asleep. *State v. Morris,* 224 Tenn. 437, 456 S.W.2d 840, 846 (1970). This issue is without merit. The appellant's conviction is affirmed as modi-

fied.[2]

AFFIRMED.

TIPTON, J., and JOHN K. BYERS, Senior Judge, concur.

2. The appellant was indicted for knowingly permitting another to operate his vehicle while under the influence of an intoxicant. The trial judge charged the jury that one

who is in possession and control of a motor vehicle and is thus in a position to determine who shall operate it can be found guilty of driving while under the influence of an intoxicant if such person knowingly permits the intoxicated person to operate the vehicle without protest.

The appellant's conviction was, therefore, driving under the influence, not DUI by consent. The judgment sheet should be so amended.