IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 5, 2003

**STATE OF TENNESSEE v. JASPER TURNER**

**Direct Appeal from the Circuit Court for Madison County**
**No. 01-21     Roy B. Morgan, Jr., Judge**

---

**No. W2002-02159-CCA-R3-CD  - Filed November 24, 2003**

---

Following a jury trial, Defendant, Jasper Turner, was convicted of identity theft, a Class D felony. He was sentenced to twelve years incarceration as a career offender.  On appeal, Defendant challenges the sufficiency of the evidence to support the conviction, argues that the trial court erred in sentencing him, and contends that it was plain error for the trial court to allow the State to refer to the victim being attacked at the time the victim's wallet and credit cards were taken.  After a thorough review of the evidence, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

J. Colin Morris, Jackson, Tennessee (on appeal); and George Morton Googe, District Public Defender; and Stephen P. Spracher, Assistant Public Defender, Jackson, Tennessee (at trial) for the appellant, Jasper Turner.

Paul G. Summers, Attorney General and Reporter; P. Robin Dickson, Assistant Attorney General; James G. Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I.  Facts**

Defendant did not testify or offer any proof during the trial.  The evidence presented by the State is as follows: On September 11, 2000, the victim, Swanee Lawrence, was at his sister-in-law's home in Jackson to mow her yard.  While he was unlocking a chain which secured the mower to a tree, Lawrence was tackled by an unidentified person who took his wallet and its contents, including credit and debit cards.

Investigator Cathy Fergusen of the Jackson Police Department became involved in the investigation of the incident involving Mr. Lawrence. She advised Mr. Lawrence to notify the credit/debit card companies of the theft. She also told Mr. Lawrence to ask the companies to notify him if there were any transactions involving the cards after the theft. Subsequently, Investigator Fergusen became aware that Mr. Lawrence's BancorpSouth debit card had been used at the Dodge store in Jackson on September 11, after the card had been taken from Mr. Lawrence.

Investigator Fergusen went to the Dodge store and obtained a receipt showing that Mr. Lawrence's debit card had been used to make a purchase in the amount of $2.60. The receipt showed the purchase was made at 6:05 p.m. on September 11, 2000, and was purportedly signed "Lawrence Swanee." The receipt had imprinted thereon the specific BancorpSouth debit card number of Mr. Lawrence's card, which was printed from the magnetic tape on the back of the card. Mr. Lawrence's name was printed on the receipt just below the purported signature.

Mr. Lawrence testified that the written name on the receipt was not his signature, that he had never been to the Dodge store, and that he did not know Defendant or ever permit anyone with Defendant's name to use his debit card to make a purchase at the Dodge store.

Thomas Andrew Young, manager of the Dodge store, identified the receipt showing a purchase at his store by the use of Mr. Lawrence's BancorpSouth debit card on the evening of September 11, 2000. He testified that at his store, a debit card like Mr. Lawrence's is read after the card's magnetic tape is "swiped" through the machine. In the situation of Mr. Lawrence's card, the machine read a code that generated Mr. Lawrence's name and the card number on the receipt. Mr. Lawrence's BancorpSouth debit card was made an exhibit at trial. In addition to the magnetic strip, Mr. Lawrence's full name and the card number are embossed upon the card. Mr. Young stated that if the machine was unable to read the magnetic strip, a purchase could still be made using the card by manually "punching in" the card number to facilitate a transaction.

Investigator Fergusen obtained a statement from Defendant after informing him of his *Miranda* rights and after Defendant signed a waiver of these rights. Defendant admitted to using Mr. Lawrence's debit card to make the purchase reflected on the receipt, after he was shown "still" photographs of himself made from the videotape taken at the Dodge store. Defendant denied being involved in the theft of the wallet and card from Mr. Lawrence. Defendant stated that he found the card on the ground near an old car wash and took it to the Dodge store and made one purchase. It is not explained in the record when or under what circumstances the BancorpSouth debit card belonging to Mr. Lawrence was recovered.

## II. Analysis

A. Sufficiency of the Evidence

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding

by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. *State v. Brewer*, 932 S.W.2d 1,18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Tuttle*, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence. *Id.* In *State v. Grace*, the Tennessee Supreme Court stated, "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982); *Grace*, 493 S.W.2d at 476.

Tennessee Code Annotated section 39-14-150(a) defines the crime of identity theft as follows: "A person commits identity theft who knowingly transfers or uses, without lawful authority, a means of identification of another person with the intent to commit, or otherwise promote, carry on, or facilitate any unlawful activity." Tenn. Code Ann. § 39-14-150(a) (Supp. 2002).

As pertinent to Defendant's appeal in this case, the term "means of identification" is also defined:

> (b) As used in this section, "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including:
>
> (1) Name, social security number, date of birth, official state or government issued driver license or identification number, alien registration number, passport number, employer or taxpayer identification number;
>
> (2) Unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(3) Unique electronic identification number, address, routing code or other personal identifying data which enables an individual to obtain merchandise or service or to otherwise financially encumber the legitimate possessor of the identifying data; or

(4) Telecommunication identifying information or access device.

Tenn. Code Ann. § 39-14-150(b) (Supp. 2002).

In his argument challenging the sufficiency of the evidence, Defendant does not state which element(s) of the crime of identity theft was not established beyond a reasonable doubt. Defendant does argue that at most he was guilty of fraudulent use of a debit card, in violation of Tennessee Code Annotated section 39-14-118(b). In fact, the indictment charging him with one count of identity theft also originally contained an additional count charging him with the offense of fraudulent use of a debit card involving the same transaction. On the day of trial, prior to the jury being sworn, the count charging fraudulent use of a debit card was dismissed by the trial court upon the State's motion for *nolle prosequi*. This was done without an objection by Defendant. On appeal, Defendant now argues that the trial court "abused its discretion" in allowing the *nolle prosequi*, and that the trial court should have found "plain error" in the dismissal. Understandably, the Defendant cites no authority in support of his rather unique argument.

Nevertheless, from the proof in the record, a conviction for fraudulent use of a debit card could have been sustained if the State had chosen ultimately to prosecute Defendant for that offense. However, there is nothing in Tennessee Code Annotated section 39-14-118 which precludes prosecution under any general statute for the criminal act that the proof showed Defendant committed. Tennessee Code Annotated section 39-11-109(a) provides, "[w]hen the same conduct may be defined under both a specific statute and a general statute, the person may be prosecuted under either statute unless the specific statute precludes prosecution under the general statute." Tenn. Code Ann. § 39-11-109(a) (Tenn. 1997).

The overwhelming proof in this case is that Defendant knowingly used Mr. Lawrence's debit card (which had both Mr. Lawrence's name and electronic identification number imprinted on it, as well as in the magnetic tape on the card) without lawful authority, with the intent to facilitate "any unlawful activity." In this case, the evidence clearly showed that Defendant committed forgery when he signed Mr. Lawrence's name to the receipt from the Dodge store. *See* Tenn. Code Ann. § 39-14-114(a) and (b)(1)(A)(i).

The State was authorized by statute, Tennessee Code Annotated section 39-11-109(a), to prosecute Defendant under the general statute of identity theft, rather than the more specific statute of fraudulent use of a debit card. *See State v. Phillips*, 967 S.W.2d 826, 828 (Tenn. Crim. App. 1997). Furthermore, the evidence was sufficient to establish beyond a reasonable doubt that Defendant was guilty of identity theft. Defendant is not entitled to relief on this issue.

B. Sentencing

The transcript reflects that Defendant personally accepted, in open court, the sentence of twelve years as a career offender in conjunction with a negotiated plea in two other cases, which included a provision that the sentences in the unrelated cases would be served concurrently with the twelve-year sentence imposed for the conviction of identity theft. Defendant clearly asserted, and the trial court agreed, that Defendant was not waiving his right to appeal the conviction, but was only waiving his right to appeal his sentence if the conviction was affirmed. Defendant concedes this in his brief and fails to cite authority in support of his argument. Therefore the issue is waived. *See* Tenn. Ct. Crim. App. R. 10(b).

C. Prosecutor's Reference to the Victim being "Attacked"

Defendant asserts that the trial court should have declared a mistrial when the prosecutor made the statement, emphasized below, during direct examination of the victim:

Q       And you were over there cutting her grass.

A       Yes, sir. I was in the habit of cutting her grass for them. She has - - Well there's two elderly sisters that live there.

**Q       And, Mr. Lawrence, while you were there and I believe about to unlock the mowers, you were assaulted by someone. Correct?**

A       Right. I was in the process, had the lawnmower locked - - chained to a tree to keep somebody from stealing it, and I was in the process of unlocking it when somebody tackles me from behind.

**Q       During the time that you were out there about to cut the grass and you were assaulted, your wallet was taken. Correct?**

A       Right.

Q       And, also, I guess with that wallet, all the items that were contained in that wallet were taken also.

A       Right.

Q       Okay. Mr. Lawrence, the court officer is going to hand you something, and I'll ask you, do you recognize that?

A       It's my BancorpSouth debit card, bank card, that has my signature on the back.

Q     Now, was that one of the cards that was taken from you that day?

A     Right.

No objection was made by Defendant to the questions, and he asserts that the trial court committed "plain error" by not declaring a mistrial based upon the prosecutor's remarks. He makes no effort in his brief to demonstrate how this is "plain error" within the factors set forth in *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994). Defendant does make the assertion that the prosecutor's questions "taint the jury and [sic] to make them think that the Defendant played a part in Mr. Lawrence being robbed."

Defendant was not charged with robbery. Neither the victim nor anyone else identified Defendant as the person who "attacked" the victim. Defendant admitted in his statement to police that he made a purchase at the Dodge store using Mr. Lawrence's debit card. Photographs taken from a security videotape showed Defendant making the transaction.

As stated above, Defendant made no objection at the time of the prosecutor's questions. The failure to object contemporaneously constitutes a waiver of the issue. *See* Tenn. R. App. P 36(a); *see also State v. Little*, 854 S.W.2d 643, 651 (Tenn. Crim. App. 1992).

An error which has affected the substantial right of a defendant may be noticed at any time in the discretion of the appellate court where necessary to do substantial justice. *State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). "Plain error" or "fundamental error" is recognized under Tennessee Rule of Criminal Procedure 52(b). *Adkisson*, 899 S.W.2d at 639. Some errors are so fundamental and pervasive that they require reversal without regard to the facts or circumstances of the particular case. *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 106 S. Ct. 1431, 1436, 89 L. Ed. 2d 674 (1986).

There are five factors which must be present for a court to determine "plain error" exists:

    (a)  the record must clearly establish what occurred in the trial court;
    (b)  a clear and unequivocal rule of law must have been breached;
    (c)  a substantial right of the accused must have been adversely affected;
    (d)  the accused did not waive the issue for tactical reasons; and
    (e)  consideration of the error is "necessary to do substantial justice."

*State v. Smith*, 24 S.W.3d 274, 282 (Tenn. 2000) (citing *Adkisson*, 899 S.W.2d at 641-42).

Complete consideration of all five factors is unnecessary if at least one is absent. *Id.* at 283. Furthermore, the plain error must be such that it probably changed the outcome of the trial. *Adkisson*, 899 S.W.2d at 642.

Since Defendant was not clearly identified as the person who "attacked" the victim, it cannot be said that "other crimes" by Defendant were admitted into evidence in violation of Rule 404(b)

of the Tennessee Rules of Evidence. Also, the proof of Defendant's guilt as to identity theft was so overwhelming that even if it was error to allow the prosecutor to ask the questions, it cannot be concluded that these questions changed the outcome of the trial. Defendant is not entitled to relief on this issue.

## CONCLUSION

For the reasons stated herein, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE